UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-169 |
| CURTIS WILLIAMSON, JR. | * | SECTION "G" (2) |

### ORDER AND REASONS

Defendant Curtis Williamson, Jr. filed a Motion for Supplemental Discovery. ECF No. 60. The Government filed a Memorandum in Opposition. ECF No. 69. The matter was referred to the undersigned for determination in accordance with 28 U.S.C. § 636(b)(1)(A).

No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion for Supplemental Discovery is DENIED for the reasons stated herein.

I.     **BACKGROUND**

The grand jury returned a 2-count indictment against Curtis Williamson, Jr. charging him with possession with intent to distribute 500 grams or more of methamphetamine and possession of approximately 45 firearms and over 100 rounds of ammunition in furtherance of a drug trafficking crime. ECF No. 14. Trial is now scheduled for January 27, 2025. ECF No. 67. The Court's October 11, 2024, Trial Preparation Order in this case specifically addresses *Brady* or *Giglio* information as well as Jencks Act material, providing in pertinent part:

> 5.   Any *Giglio* or *Brady* information must be delivered to defense counsel immediately, but in any event by January 24, 2025 at 12:00 noon.
>
> 6.   Counsel for the government must deliver all Jencks Act material and all Fed. R. Crim. P. 404(b) materials to chambers no later than Friday, January 24, 2025 at 12:00 noon. Counsel for the government must also contemporaneously deliver copies of such materials to defense counsel.

ECF No. 66 at 2.

## II.  The Pending Motion

Defendant has filed a Motion for Supplemental Discovery. ECF No. 60. He seeks "personnel records of each officer and/or deputy involved in the search and arrest of Mr. Williamson including but not limited to all complaints, investigations and dispositions of any and all complaints and/or investigations of each identified officer," arguing that same is necessary to formulate a defense and prepare for trial. ECF No. 60-1 at 1. Defendant contends that one or more officers have been disciplined for moral turpitude, which impacts credibility. *Id.* Defendant also argues that records reflecting officer misconduct fall within *Brady v. Maryland*, 373 U.S. 83 (1963) and should be produced on that basis as well. *Id.* Alternatively, Defendant seeks the names of the officers so that he may issue a subpoena for the records at issue if the Government does not have possession of same. *Id.*; *see also* ECF No. 60.

The Government responds, arguing that it is fully aware of its *Brady* obligations and has produced, and continues to produce, materials consistent with *Brady* as well as Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and *Giglio v. United States*, 405 U.S. 150 (1972). ECF No. 69 at 2. It argues that collectively, these doctrines regulate what must be produced to a criminal defendant, Defendant's broad request for personnel records far exceeds the required discovery, and none of the governing doctrines authorize a broad fishing expedition through personnel files containing inadmissible and sensitive information, such as that sought by Defendant through this motion. *Id.* at 1-3. The Government further argues that issuance of a subpoena duces tecum is likewise improper, and even if a subpoena were proper, it must

2

be conducted with judicial oversight, not the unilateral discovery sought by Defendant.[1]

In Reply, Defendant argues that that Government's decision not to call one of the officers as a witness does not erase its obligation to provide information about past complaints against the officer given his influence over the investigation. ECF No. 70 at 1. With regard to the personnel files for other officers, Defendant requests that the Court conduct an *in camera* inspection of same. *Id*. at 1-2.

### III.   APPLICABLE LAW AND ANALYSIS

"As a matter of general construction, the measure of discovery permitted by the Rules of Criminal Procedure is not intended to be as broad as in a civil case."[2]

#### A. *Brady* and *Giglio*

The requirement of disclosure under *Brady* is a constitutional mandate that seeks to guarantee fair criminal trials by requiring the prosecution to disclose all material exculpatory and impeaching evidence regardless of whether a defendant requests it.[3] The prosecutor is obliged "to learn of any favorable evidence known to the others acting on the government's behalf . . . , including the police."[4] The Government is also required to produce impeachment evidence or

---

[1] *Id*. at 3-4 (citing FED. R. CRIM. P. 17(c); *United States v. Hankton*, No. 12-1, 2014 WL 688963, at *2 (E.D. La. Feb. 21, 2014) (quashing subpoenas requesting documents to be produced at defense counsel's office); *United States v. Nixon*, 418 U.S. 683 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."); *United States v. Cuthbertson*, 651 F.2d 189, 197 (3d Cir. 1981) (Seitz, C.J., concurring) ("[C]ourts must be careful that [R]ule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule] 16."); *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (noting Rule 17 "is not intended to provide an additional means of discovery") *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993) ("There can be no right to an *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial.")).
[2] *United States v. Ross*, 511 F.2d 757, 762 (5th Cir. 1975) (citation and quotation omitted); *see also United States v. Alexander*, No. 15-295, 2016 WL 6473237, at *1 (E.D. La. Nov. 2, 2016) (stating that "[i]ronically, in a criminal case – where a person's very liberty is at stake – pretrial discovery is more restrictive than in a civil case – where the recovery of money is usually the only issue").
[3] *See* 373 U.S. at 87 (defining exculpatory evidence as evidence that is both favorable to the accused and "material either to guilt or to punishment"); *United States v. Bagley*, 473 U.S. 667, 682 (1985) (stating that evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different").
[4] *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

3

evidence that shows a prosecution witness's bias or interest and thereby affects the credibility of the witness's testimony.[5] However, the Constitution does not create a general discovery right in criminal cases.[6]

### B. <u>Rule 16</u>

Rule 16 of the Federal Rules of Criminal Procedure generally govern what information is discoverable and when a party may obtain such information in a criminal case.[7] This rule leaves "the precise conditions under which the defense may obtain access to discoverable information to the informed discretion of the district court,"[8] provided the time for disclosure is "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." FED. R. CRIM. P. 16(a)(1)(G)(ii); *see also* FED. R. CRIM. P. 16.1.

Rule 16 is not a general, automatic discovery device; rather, it vests discretion in the trial court to grant discovery when materiality is shown.[9] It requires the Government to disclose, upon defendant's request:

> (1) the substance of the defendant's oral statement made in response to questioning by a government agent, if it will be used at trial;
> (2) the defendant's written or recorded statement; and
> (3) a copy of the defendant's prior criminal record.

FED. R. CRIM. P. 16(a)(1)(A)-(B)(i), (D). Upon request, the Government must also permit a defendant to inspect, copy or photograph specified items "within the government's possession,

---

[5] *See Giglio*, 405 U.S. at 153-55 (applying *Brady* to evidence affecting the credibility of a key government witness).
[6] *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case"); *see United States v. McKinney*, 758 F.2d 1036, 1049-50 (5th Cir. 1985) (declining to rule that *Brady* requires the government to turn over evidence prior to trial). As such, the Government is only required to turn over material evidence "in time to put it to effective use at trial." *McKinney*, 758 F.2d at 1050; *see also United States v. Martinez-Perez*, 941 F.2d 295, 301 (5th Cir. 1991) (finding no violation of *Giglio* when evidence is disclosed to defense before the end of the trial).
[7] *See United States v. Murdock*, 548 F.2d 599, 602 (5th Cir. 1977); *United States v. Armstrong*, 517 U.S. 456, 461 (1996).
[8] *United States v. El-Mezain*, 664 F.3d 467, 520 (5th Cir. 2011) (quoting case omitted).
[9] *United States v. Garrison*, 348 F. Supp. 1112, 1128 (E.D. La. 1972)

4

custody, or control" and (1) material to the preparation of the defense; (2) intended for use by the government as evidence in its case-in-chief at trial; or (3) obtained from or belonging to the defendant. *Id.* at 16(a)(1)(E)(i)-(iii).

### C. Rule 17

Rule 17 governs subpoenas. It is not a discovery device but is an instrument intended exclusively for trial or a formal hearing.[10] In *United States v. Nixon*, the Supreme Court noted "certain fundamental characteristics of the subpoena duces tecum in criminal cases" and the "required showing" and "test" by which its proper use must be evaluated. *Id.* at 698-99. The Court recognized that Rule 17 "was not intended to provide a means of discovery." *Id.* at 699. To require production before trial, the defendant must show:

   (1) that the documents are evidentiary and relevant;

   (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

   (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

   (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id*. at 699. Thus, the defendant seeking a subpoena must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700.

Exculpatory evidence as well as impeachment evidence falls under the *Brady* rule.[11] "[R]ank speculation that . . . personnel files might contain information useful for impeachment is not enough."[12] Further, the need for impeachment evidence is generally insufficient to require its

---

[10] *United States v. Poimboeuf*, 331 F.R.D. 478, 479 (W.D. La. 2019).
[11] *United States v. Koetting*, 74 F.3d 1238 (5th Cir. 1995) (citing *Giglio*, 405 U.S. at 154).
[12] *United States v. Poimboeuf*, No. 18-251, 2019 WL 1768612, at *2 (W.D. La. Apr. 22, 2019) (citing *United States v. Quinn*, 123 F.3d 1415, 1421-1422 (11th Cir. 1997); *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992)),

production in advance of trial.[13]  Most recently, in *United States v. Coulter*, No. 22-10975, 2024 WL 3338602 (5th Cir. July 9, 2024), the Fifth Circuit affirmed the district court's decision to seal the arresting officer's personnel file after *in camera* review, finding the impeachment evidence in the personnel file was not material to the case.[14]  Thus, there is no constitutional right to law enforcement witnesses' personnel files to search for potentially impeaching information, but if the Government knows of such information, *Giglio* requires its disclosure.[15]

## IV.    CONCLUSION

The Government confirmed that it is aware of its obligations to produce impeachment evidence under *Brady* and *Giglio*.  Defendant's speculation that impeachment evidence may exist is insufficient to support his discovery request.  Likewise, issuance of a subpoena for discovery purposes is improper.  Further, without any evidence of the existence of material information in the officers' personnel files, it is not appropriate to conduct an *in camera* inspection to ensure that the Government has complied with its obligations under *Brady* and *Giglio*.  Accordingly, for the foregoing reasons,

---

*order clarified on reconsideration*, 331 F.R.D. 478 (W.D. La. 2019), *aff'd*, No. 08-251, 2019 WL 3521935 (W.D. La. Aug. 1, 2019); *see also United States v. Gomez*, No. 08-47, 2008 WL 11356783, at *1 (W.D. Tex. Nov. 21, 2008) (denying motion to compel government to inspect testifying law enforcement officers' personnel files absent showing of materiality but reminding Government of its obligation to produce impeachment materials under *Brady* and *Giglio*).
[13] *Nixon*, 418 U.S. at 701; *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (finding Rule 17(c) did not require production of documents merely for impeachment purposes); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes. This use is generally insufficient to justify the pretrial production of documents . . . and we see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States.").
[14] *See also United States v. Davis*, No. 01-282, 2003 WL 1904038, at *3-4 (E.D. La. Apr. 17, 2003) (Vance, J.) (citing and quoting *Cloud v. Thomas*, 627 F.2d 742-43 (5th Cir. 1980) (quoting *Truman v. Wainwright*, 514 F.2d 150 (5th Cir. 1975)) (reversing magistrate judge's decision denying in part the Government's motion to quash a subpoena issued to New Orleans Police Department seeking unsubstantiated complaints from officers' personnel files and stating "it is firmly established in [the Fifth] [C]ircuit that a witness may not be impeached by inquiry into specific acts of misconduct not resulting in a conviction").
[15] *United States v. Garrison*, 147 F. Supp. 3d 1173, 1187 (D. Colo. 2015) (citing *United States v. Davis*, 752 F.2d 963, 976 (5th Cir. 1985) ("the court is simply not required to ensure access to all government material in order that [the defendant] might be able to find something exculpatory for his case")).

IT IS ORDERED that Defendant's Motion for Supplemental Discovery (ECF No. 60) is DENIED.

New Orleans, Louisiana, this __24th__ day of October, 2024.

                                                    DONNA PHILLIPS CURRAULT
                                                   UNITED STATES MAGISTRATE JUDGE